UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 17-CV-1218 (JFB)

———————

CELESTINE WENEGIEME,

Appellant,

VERSUS

MICHAEL J. MACCO, ET AL.,

Appellees.

———————

**MEMORANDUM AND ORDER**
January 9, 2018

———————

JOSEPH F. BIANCO, District Judge:

The instant case involves an appeal from the January 13, 2017 Order dismissing the voluntary bankruptcy proceeding (the "Dismissal Order") of debtor Celestine Wenegieme ("appellant" or "Wenegieme"), pursuant to Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), against Chapter 13 Trustee Michael Macco[1] ("Macco") and the United States Trustee ("U.S. Trustee," and together with Macco, "the trustees" or "appellees"). Wenegieme appeals from Bankruptcy Judge Robert E. Grossman's Dismissal Order, which granted the U.S. Trustee's motion to dismiss pursuant to 11 U.S.C. § 1307(c) ("Section 1307(c)" or "§ 1307(c)"). (*In re Wenegieme*, Bkr. Dkt. No. 58.)[2] Judge Grossman dismissed the case with prejudice to filing for one year from the entry of his Order without a further order of the court. (*Id.*)

As set forth below, after a *de novo* review, the Court finds appellant's arguments on appeal to be without merit and affirms the January 13, 2017 Order of the Bankruptcy Court.

---

[1] In Chapter 13 cases, the U.S. Trustee appoints a private trustee, the "Chapter 13 Trustee" (in this case, Macco), to oversee the debtor's performance under a court-affirmed plan to pay creditors and discharge of his debts. 11 U.S.C. § 1302.

[2] Docket entries for filings in Wenegieme's underlying bankruptcy proceeding, *In re Celestine Wenegieme*, Bankr. E.D.N.Y., Case No. 8-16-74079 (REG), are cited as "*In re Wenegieme*, Bkr. Dkt. [docket item number]."

I. BACKGROUND

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the Bankruptcy Record on Appeal (ECF No. 3)[3], filings in Wenegieme's bankruptcy proceeding, and the parties' affidavits and exhibits in this case.

A. Facts

On September 6, 2016, appellant filed a Chapter 13 bankruptcy petition in the Bankruptcy Court. (*In re Wenegieme*, Bkr. Dkt. No. 1.) Appellant sought to preserve his interest in real property located at 215 West 134th Street, New York, New York 10030 (the "Property"). (R-2 at 13, 25, 45-56.) Creditor Goldstein Group Holding ("Goldstein Group") was the holder of a mortgage encumbering the Property and sought to proceed with a foreclosure action in New York State court (the "Foreclosure Action")[4] to enforce its rights against the Property, which appellant and other family members obstructed through a series of filings in different bankruptcy proceedings. (R-2 at 45-56.) Appellant's bankruptcy petition resulted in an automatic stay of the Foreclosure Action.[5] Prior to filing the September 6, 2016 bankruptcy petition, appellant had previously filed two others: one in the District of Maryland on April 28, 2014, which was dismissed on October 2, 2014 (Bkr. Case No. 14-16790 (NVA), Dkt. No. 42), and the other in the Southern District of New York on April 27, 2015, which was dismissed on March 11, 2016 (Bkr. Case No. 15-11075 (JLG), Dkt. No. 30).

After appellant filed his petition in the most recent bankruptcy proceeding (the proceeding underlying this appeal), on September 13, 2016, Goldstein Group moved for an order dismissing the bankruptcy proceeding or, in the alternative, terminating the automatic stay of sale, *nunc pro tunc*, of the Property. (*In re Wenegieme*, Bkr. Dkt. Nos. 10-13.) Appellant did not oppose Goldstein Group's motion. (*See In re Wenegieme*, Bkr. Dkt.) The Bankruptcy Court held a hearing on Goldstein Group's motion on September 19, 2016 (*see id.*), at which Judge Grossman determined that Goldstein Group had standing to file its motion, and that relief from the automatic stay was warranted for cause pursuant to 11 U.S.C. § 362(d)(1) (*see Wenegieme v. Goldstein Grp. Holding*, E.D.N.Y., Case No. 16-cv-05368-JFB, "Tr. of Sept. 19, 2016 Hr'g," ECF No. 19-1 at 19-20). Specifically, Judge Grossman found "abuse of the bankruptcy process" by appellant and that there was "no question . . . based upon the evidence that ha[d] been put before the [Bankruptcy] Court that there [was] ample cause for the relief from the stay that" appellee sought. (*Id.*)

---

[3] Unless otherwise noted, the "ECF No. [docket number]" citations are citations to the record in the instant case, *Wenegieme v. Macco*, E.D.N.Y., Case No. 2:17-cv-01218-JFB.

The "ECF No. 3" filings containing the Bankruptcy Record on Appeal were divided into four parts, which the Court identifies as "R-1" through "R-4."

[4] The Foreclosure Action is *Bayview Loan Servicing, LLC v. Alleyne Sylvester*, Index No. 810056/11, New York Supreme Court for the County of New York.

[5] Pursuant to 11 U.S.C. § 362, which governs automatic stays in bankruptcy cases, filing a bankruptcy petition under 11 U.S.C. § 301 (governing voluntary cases) results in an immediate stay of a foreclosure action. 11 U.S.C. § 362 ("[A] petition filed under section 301 . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate.").

2

Accordingly, Judge Grossman issued the Order Granting Motion for Relief from Stay ("Stay Order") on September 23, 2016, granting appellee's motion and directing that:

> The automatic stay imposed by [the Bankruptcy] Court pursuant to 11 U.S.C. § 362(d)(1) is terminated, *nunc pro tunc*, to the date of filing, for cause as to [appellee]'s interest in the Property to allow [appellee]'s enforcement of its rights and remedies in and to the Property, including the finalization of a foreclosure sale held September 7, 2016, against the Property.

(*In re Wenegieme*, Bkr. Dkt. No. 24 at 1-2.) As authorized by the Stay Order, the Property was sold to a third party at a September 7, 2016 public auction held in the Foreclosure Action, and the Property deed was transferred to that party. (*Wenegieme v. Goldstein Grp. Holding*, "Order Granting Mot. Dismiss," ECF No. 27 at 2.) Appellant appealed the Stay Order to this Court on September 27, 2016 (*id.*, ECF No. 1), and the Court granted the motion to dismiss the appeal of the Stay Order on April 27, 2017 (*id.*, ECF No. 27).

Prior to the close of the appeal of the Stay Order, on January 13, 2017, the Bankruptcy Court issued the Dismissal Order, dismissing the bankruptcy proceeding in its entirety with prejudice to re-filing for one year from entry of the Dismissal Order. (*In re Wenegieme*, Bkr. Dkt. No. 58.) Appellant then filed this appeal of the Dismissal Order on March 3, 2017. (ECF No. 1.)

B. Procedural History

As stated *supra*, on March 3, 2017, Wenegieme filed his notice of appeal from the Bankruptcy Court's January 13, 2017 Order dismissing his bankruptcy case. The U.S. Trustee moved to dismiss the appeal for failure to prosecute on May 8, 2017. On July 10, 2017, this Court ordered appellant to submit his brief. After receiving an extension of time to file, on October 30, 2017, Wenegieme filed a brief in support of his appeal. The U.S. Trustee filed a brief in opposition on November 16, 2017. Wenegieme did not file a reply brief. The Court has fully considered all of the submissions of the parties.

II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). Part VIII of the Federal Rules of Bankruptcy Procedure outlines the procedure governing such appeals. Fed. R. Bankr. P. 8001.

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, its conclusions of law *de novo*, and its decision to award costs, attorney's fees, and damages for abuse of discretion." (internal citations omitted)); *accord In re Ionosphere Clubs*, 922 F.2d 984, 988-89 (2d Cir. 1990). In addition, "[t]he Court may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *In re Miller*, Nos. 08–cv–4305 (JGK), 08–cv–4306 (JGK), 2009 WL 174902, at *1 (S.D.N.Y. Jan. 26, 2009); *Bristol v. DeRosa*, No. 09-CV-3730 (JFB),

2010 WL 3924911, at *2 (E.D.N.Y. Sept. 30, 2010).

III. DISCUSSION

A. Dismissal for Cause

Section 1307(c) of the Bankruptcy Code provides that "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter . . . or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1307(c); *see also Maramma v. Citizens Bank of Mass.*, 549 U.S. 365, 373-74 (2007). Section 1307(c) provides a non-exhaustive list of examples of grounds for "for cause" dismissal, including:

> (1) unreasonable delay by the debtor that is prejudicial to creditors [or] . . .
> (4) failure to commence making timely payments under section 1326 of this title.

11 U.S.C. § 1307(c); *see also In re Campora*, Nos. 14–CV–5066 (JFB), 14–CV–7123 (JFB), 2015 WL 5178823, at *10 (E.D.N.Y. Sept. 3, 2015) (setting forth the standard for timely payments under 11 U.S.C. § 1326(a)(1)(A) ("Section 1326"), which provides that "[u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or order for relief, whichever is earlier," and finding that "[a]ppellant's failure to commence making timely payments qualifie[d] [as] a valid ground for dismissal under § 1307(c)(4)").

"Bankruptcy is a privilege and not a right," *In re Sochia*, 231 B.R. 158, 160 (Bankr. W.D.N.Y. 1999), and in seeking protection under the Bankruptcy Code, a debtor "has the responsibility to inform [himself] of [his] duties" under the Code, *In re Ward*, 423 B.R. 22, 34 (Bankr. E.D.N.Y. 2010). When a "[d]ebtor has not complied with a number of [his] obligations imposed by the Bankruptcy Code, relief under § 1307(c) is appropriate." *Id*.

The Supreme Court has also held that a debtor's bad faith conduct qualifies as cause to dismiss pursuant to Section 1307(c). *Maramma*, 549 U.S. at 373-74. Although bad faith is not explicitly enumerated in Section 1307(c), "it is well established that lack of good faith may also be cause for [conversion or] dismissal under § 1307(c)." *In re Prisco*, 11-CV-00474 (LEK), 2012 WL 4364311, at *4 (N.D.N.Y. Sept. 24, 2012) (quoting *In re Dixon,* No. 08-10510, 2009 WL 151688, at *2 (Bankr. E.D. Pa. Jan. 20, 2009), *aff'd*, No. 09-1451, 2009 WL 1798819 (E.D. Pa. June 24, 2009)); *see also In re Plagakis*, No. 03 CV 0728 (SJ), 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004); *In re Charles D. Eatman*, 182 B.R. 386, 392 (Bankr. S.D.N.Y. 1995). "[D]ebtors who lack good faith cannot be rewarded with the benefits of the bankruptcy process." *In re Tornheim*, 239 B.R. 677, 686 (Bankr. E.D.N.Y. 1999) (citing *In re Natural Land Corp.,* 825 F.2d 296, 297-98 (11th Cir. 1987)). "A bankruptcy court's determination of 'bad faith' is a question of fact, and thus is reviewable under the clearly erroneous standard." *In re Plagakis*, 2004 WL 203090, at *4 (citing *In re Barbieri*, 226 B.R. 531, 535 (Bankr. E.D.N.Y. 1998), *rev'd on other grounds,* 199 F.3d 616 (2d Cir. 1999); *U.S. Fidelity & Guar. Co. v. DJF Realty & Suppliers*, 58 B.R. 1008, 1011 (Bankr. N.D.N.Y. 1986)).

Evaluation of whether a debtor had "bad faith in filing and maintaining a Chapter 13 case requires a careful examination of the totality of the circumstances on a case-by-case basis." *In re Tornheim*, 239 B.R. at 686 (citing *In re Klevorn,* 181 B.R. 8, 11 (Bankr.

4

N.D.N.Y. 1995)). Courts have determined that debtors had bad faith in Chapter 13 cases including where "the debtor has previously filed for bankruptcy," and where "the debtor filed solely to obtain an automatic stay," among other circumstances. *In re Plagakis*, 2004 WL 203090, at *4.

In this case, the Bankruptcy Court found that, based on the record and the trustees' information regarding appellant's conduct at a December 22, 2016 hearing, the case should be dismissed as a matter of law. The court stated in its Dismissal Order that "after due deliberation and *for good cause* shown it is hereby ORDERED, that the Motion is granted and the Case is dismissed." (*In re Wenegieme*, Bkr. Dkt. No. 71, "Transcript & Notice Regarding Dec. 22, 2016 Hearing," at 14:2-15 (emphasis added).)

The court made its ruling in part based on the U.S. Trustee's information regarding appellant's failure to make payments—evidencing a lack of intent to ever make payments—and repeat bankruptcy filings, both indicating bad faith. (*Id.*, Bkr. Dkt. No. 58 at 1-2.) As to appellant's failure to make payments, the attorney for the U.S. Trustee stated that:

> A review of [the docket and the filings] that were filed indicated that they're incomplete, incorrectly put together, and basically incomprehensible. . . . The debtor filed on September 30th of this year a Chapter 13 plan . . . indicat[ing] that the debtor is unable to make any payments. . . . The debtor has also filed an amended plan . . . [that was] basically blank. . . . [B]ased on the debtor's admissions in those plans the Chapter 13 serves no purpose for reorganizing the debtor's financial affairs. However, if we look to the background of the debtor's filing we actually see what the purpose is. This particular instant Chapter 13 is not the debtor's first foray into the bankruptcy world.

(*Id.*, Bkr. Dkt. No. 71 at 4:22-5:12.) The attorney for the U.S. Trustee also discussed appellant's previous bankruptcy filings, stating that "[b]oth those cases were dismissed for 521 violations because no plan payments were made, and the court found unreasonable delay prejudicial to the debtor's creditors." (*Id.* at 15:15-17.)

Discussing the grounds for dismissal on the basis of bad faith, the attorney for the U.S. Trustee stated:

> It is submitted that these filings were concocted to delay and frustrate the secured lender's ability to realize on its collateral. This tactical use is an abuse of the bankruptcy process, and . . . constitutes bad faith. Based on the debtor's bad faith, as evidenced by the serial filings, the filing in this case which is going nowhere, this case should be dismissed.

(*Id.* at 6:3-9.)

Trustee Macco discussed appellant's failure to appear for examinations at the meetings of creditors, pointing to this conduct as a ground for dismissal. (*Id.* at 9:10-10:19.) Section 341(a) requires that a meeting of creditors be convened, at which the trustee examines the debtor "within a reasonable time after the order for relief." 11 U.S.C. § 341(a). Trustee Macco told the court that Wenegieme:

> [Had] failed to show up at all three scheduled 341's, ha[d] failed to pay one payment to the trustee's office,

5

ha[d] failed to provide mandatory disclosure under Local Bankruptcy Rule 2003-1 . . . [and] absolutely was not examined on 10/17 at a 341 meeting. The debtor appeared at a 341 meeting, but the debtor wasn't examined because . . . I can't examine the debtor regarding schedules that weren't filed yet.

(*In re Wenegieme*, Bkr. Dkt. No. 71 at 9:10-10:19.)

The Bankruptcy Court agreed with the trustees' position regarding appellant's failure to make payments and bad faith conduct, stating that "[a]s a matter of law, the Court should and will dismiss the case. The reasons have all been set forth on the record. The reasons have been set forth in the [U.S. Trustee's] motion. The reasons have been set forth by the trustee [Macco]. The reasons have been set forth by the Goldstein folks." (*Id.* at 14:2-6.)

Having carefully reviewed *de novo* the record and arguments, this Court concludes that the Bankruptcy Court properly dismissed appellant's bankruptcy proceeding for cause, both in light of appellant's failure to fulfill debtors' duties listed in Section 1307(c), and in light of his serial filings. Appellant filed his plan on October 27, 2016, but had still made no payments as of the December 22, 2016 hearing. (*Id.* at 9:17-22.) Looking to the Section 1326 standard for timely payments, appellant failed to meet the 30-day requirement. Further, as was made clear on the record, appellant's repeat filings, as well as his failures to provide mandatory disclosures, to appear at meetings, and to make other payments, all evince bad faith.

Based on the Court's *de novo* review of this evidence, the Court concludes that the Bankruptcy Court correctly dismissed the case pursuant to § 1307(c).

B. Dismissal with Prejudice

The Court also concludes that the Bankruptcy Court correctly dismissed this action with prejudice. "Whether to dismiss a case with prejudice is committed to the sound discretion of the court." *In re Montalvo*, 416 B.R. 381, 388-89 (Bankr. E.D.N.Y. 2009) (dismissing a case with prejudice pursuant to 11 U.S.C. § 349(a) for one year after concluding that debtor's conduct amounted to "part of a scheme to delay, hinder, and defraud [the creditor]")). It is well-established that courts have discretion to bar re-filing of a bankruptcy action for periods of a year or longer, in particular in cases of serial filings. *In re Casse*, 198 F.3d 327, 339 (2d Cir. 1999) (joining other courts in finding that, in order to "deal[] with serial filers and their bad faith abuse of the bankruptcy process," 11 U.S.C. §§ 105(a) and 349(a) authorize bankruptcy courts, "in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days"); *In re Tornheim*, 239 B.R. at 687 (dismissing a bankruptcy case with prejudice for two years). The circumstances in this case—particularly appellant's tactic of serial filing in an attempt to preserve his property, without complying with debtors' duties in availing themselves of the privilege of bankruptcy actions—clearly warrant dismissal with prejudice to re-filing for a year. Accordingly, the Court concludes the Bankruptcy Court did not err in its decision in the January 13, 2017 Dismissal Order.[6]

---

[6] Although not raised by the parties, the Court notes that the Bankruptcy Court's January 13, 2017 Order, after dismissing with prejudice to filing another petition for one year from the entry of that order, states that "the Debtor may only file a bankruptcy case in the Eastern District of New York upon further order of the Court." (*In re Wenegieme*, Bkr. Dkt. No. 58 at 2.) It is clear from the record that Bankruptcy Judge

## IV. Conclusion

For the foregoing reasons, after *de novo* review, Wenegieme's appeal of the Bankruptcy Court's dismissal is denied. The Court affirms the rulings of the Bankruptcy Court in all respects. The Clerk of the Court shall close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 9, 2018
Central Islip, New York

\* \* \*

Appellant is *pro se*. The Chapter 13 Trustee is Michael J. Macco of Macco & Stern, LLP, 2950 Express Drive South, Suite 109, Islandia, NY 11749. The U.S. Trustee is represented by Andrew D. Velez-Rivera and Christine Black of the U.S. Trustee's Office, U.S. Federal Office Bldg., 201 Varick St., Room 1006, New York, NY 10014.

---

Grossman was only referencing the fact that Wenegieme needed consent of court if he wished to file during that one-year period, and was not imposing a permanent litigation injunction for the Eastern District of New York. (*See id.*, Bkr. Dkt. No. 71 at 19-20.) Accordingly, Wenegieme is not enjoined from filing a bankruptcy petition in the Eastern District of New York once the one-year period expires.

7